NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10349 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00223-JAM-1 |
| v. | |
| HODA SAMUEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Hoda Samuel appeals pro se from the district court's minute order denying

her "Motion to Enforce Terms of Judgment."  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Upon her conviction, Samuel was ordered to pay a $3,100 special

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

assessment, a $20,000 fine, and $3,029,412.64 in restitution. Samuel argues that, because the judgment orders her to pay at least $25 per quarter against these amounts through the Inmate Financial Responsibility Program (IFRP), it prevents the government from collecting payments through any other means while she is incarcerated. The judgment's plain language does not support Samuel's assertion. Rather, read as a whole, the judgment contemplates payments outside of the IFRP during Samuel's period of incarceration. This reading is consistent with the purpose of the Mandatory Victim Restitution Act (MVRA) and the government's statutory authority to collect from all of an inmate's available resources to satisfy monetary criminal penalties. *See Dolan v. United States*, 560 U.S. 605, 612-13 (2010) (MVRA intended to provide crime victims receive full restitution in a timely manner); *United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009) (describing statutory procedures for collection of fines and restitution). Thus, the district court properly denied Samuel's motion.

We decline to consider Samuel's additional arguments because they are raised for the first time on appeal. *See United States v. Brugnara*, 856 F.3d 1198, 1211 (9th Cir. 2017).

**AFFIRMED.**